JOSÉ FERNÁNDEZ ET AL., Plaintiffs, Appellees, and Appellants, *v.* CONDADO BEACH HOTEL, CORP., Defendant, Appellant, and Appellee.

No. 10098. Argued November 9, 1951.—Decided December 29, 1951.

*Lino J. Saldaña, Luis F. Sánchez Vilella, José Trías Monge, C. Morales, Jr.,* and *Sara Torres Peralta,* for appellant-appellee. *Henry G. Molina* and *D. Curet Cuevas* for appellee-appellant.

MR. CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

José Fernández, Victorino Cadilla, and Adeline Fernández joined their respective claims for wages in a complaint against the Condado Beach Hotel, Corp., pursuant to Act No. 10 of November 14, 1917 (Spec. Sess. Laws, p. 216), as amended. The complaint contains no allegation whatever indicating that José Fernández and Adeline Fernández were husband and wife. Neither does the title of the complaint, nor the appearance or the prayer, contain any sign that José Fernández made any claim in representation of or in behalf of the conjugal partnership that might exist between him and Adeline Fernández. On the contrary, in the complaint each plaintiff made his claim, in separate paragraphs, on his own behalf.

It was during the trial that José Fernández stated, as witness for plaintiff Adeline Fernández in her claim for wages, that during all the time that she worked for the defendant she had been married to him.

Based on these facts, the lower court dismissed the complaint because it did not state a cause of action as to the claim of coplaintiff Adeline Fernández. On appeal she maintains that the court erred in deciding that Adeline Fer-

nández appeared on her own behalf to make her claim and in failing to determine the extra hours worked by her during the time that she was employed by the defendant.[1]

In countless cases we have repeatedly held that a married woman needs the assistance of her husband in order to litigate a cause of action belonging to the conjugal partnership. *Vázquez v. Valdés et al.*, 28 P.R.R. 431; *Capó v. Piñeiro*, 33 P.R.R. 832; *Vázquez v. Porto Rico Ry., L. & P.*, 35 P.R.R. 59; *Flit v. White Star Bus Line, Inc.*, 50 P.R.R. 95; *Segarra v. Vivaldi*, 59 P.R.R. 797; *Valiente & Cía. v. District Court*, 68 P.R.R. 491; *Serra v. Transportation Authority*, 68 P.R.R. 581; *Rivera v. De Martínez*, 70 P.R.R. 456; *Meléndez v. Iturrondo*, 71 P.R.R. 56; *Echevarría v. Despiáu, ante*, p. 442. And in *Valiente & Cía. v. District Court, supra*, we specifically held that in a claim for wages a complaint brought by and in the name of a married woman does not state facts constituting a cause of action since said wages belong, pursuant to § 1301(2) of the Civil Code, 1930 ed., to the conjugal partnership, it being incumbent on the husband to appear in the action.

However, in the majority of the afore-mentioned cases, the question was raised by either a demurrer or by motion to dismiss the complaint, it being alleged that the same did not state a cause of action. Even in such cases it has been the tendency of this Court to regard the appearance of the wife as surplusage and retain that of the husband when she has brought the suit "assisted by her husband" or when from the allegations it could be inferred that the claim was made on behalf of the conjugal partnership. *Segarra v. Vivaldi, supra; Meléndez v. Iturrondo, supra*.

The present situation is different. No demurrer was set up by the defendant herein, undoubtedly because it did not

---

[1] The complaint as to coplaintiffs José Fernández and Victoriano Cadilla was sustained, and both parties appealed from the judgment, which appeals were abandoned upon reaching a compromise approved by the Commissioner of Labor.

appear from the complaint that José Fernández and Adeline Fernández were married. However, on presenting the evidence during the trial and without the defendant making any objection, it was proved that said plaintiffs were married at the time that Adeline Fernández worked for the defendant as well as at the time that the complaint was filed. In a similar situation, in *Echevarría* v. *Despiáu, supra,* which was a suit for damages, we held that the complaint could be regarded as amended in order to conform it with the evidence. To that effect we said on p. 445:

"The defendants allege, nevertheless, that neither in the title nor in the body of the complaint it is stated that the same is filed on behalf and for the benefit of the conjugal partnership. Their assertion is correct. It does not mean, however, that for that reason the complaint does not constitute a cause of action, as during the trial it was repeatedly stated that the plaintiff was married at the time of the accident as well as when the complaint was filed. Under these circumstances the court could, *motu proprio,* consider the complaint as amended for that purpose."

Even though the Rules of Civil Procedure were not applicable to these claims for wages at the time that they were filed and heard on September 2, 1947 and January 2, 1948, respectively,[2] prior to the effectiveness of said Rules, we have repeatedly held that when evidence on an essential fact to the cause of action is admitted without objection, the complaint may be considered amended even on appeal. *Miranda* v. *The P. R. Ry., Light & Power Co.,* 31 P.R.R. 738; *Rodríguez* v. *American Railroad Co.,* 43 P.R.R. 472; *Almodóvar* v. *Acosta,* 43 P.R.R. 191; *Ruberté* v. *American R. R. Co.,* 52 P.R.R. 360.

In the case at bar, José Fernández having appeared to claim the wages owed to him, and at the same time a claim for wages having been filed in favor of Adeline Fernández, and it appearing from the evidence that they were married,

---

[2] See Act No. 182 of May 12, 1948 and *Cáceres* v. *García,* 71 P.R.R. 378.

the complaint should be considered amended in the sense that the husband, as representative of the conjugal partnership, made both claims.

The first error assigned was committed and so was the second, but since in order to dispose of the latter assignment the lower court must determine, by weighing the evidence, whether it was proved that the defendant owes money to Adeline Fernández, the case will be remanded for said purpose.

The judgment will be reversed and the case remanded for further proceedings.

